1  **WAJDA LAW GROUP, APC**
   Nicholas M. Wajda (State Bar No. 259178)
2  3111 Camino Del Rio North
   Suite 400
3  San Diego, California 92108
   Telephone: 310-997-0471
4  Facsimile: 866-286-8433
   E-Mail: nick@wajdalawgroup.com
5  *Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

| LYNNE R. JACKSON, | Case No.  8:22-cv-00012 |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | 1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;** |
| HYUNDAI CAPITAL AMERICA, d/b/a HYUNDAI MOTOR FINANCE, | 2. **VIOLATION OF COMMON LAW TRESPASS TO CHATTELS.** |
| Defendant. | **JURY TRIAL DEMANDED** |

**NOW COMES**, LYNNE R. JACKSON ("Plaintiff"), by and through his undersigned counsel, complaining as to the conduct of the Defendant, HYUNDAI CAPITAL AMERICA d/b/a HYUNDAI MOTOR FINANCE ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and Trespass to Chattels ("TTC").

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's common law claim pursuant to 28 U.S.C. §1367(a).

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant's corporate headquarters is located within this federal jurisdiction.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age who is a "person" as the term is defined by 47 U.S.C. §153(39).

6. Defendant is a financial service company with its principle office located at 3161 Michelson Dr., Suite 1900, Irvine, California 92612. Defendant offers consumer auto loans.

7. Defendant acted through it agents, employees, officers, members, directors, heirs, successors, vendors, assigns, principals, trustees, sureties, subrogees, vendors, third-party contractors, representatives, and insurers at all times relevant to the instant action.

8. Defendant is a "person" as the term is defined by 47 U.S.C. §153(39).

## FACTS SUPPORTING CAUSES OF ACTION

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number ending in 3939.

10. In or around early December of 2021, Plaintiff began receiving unsolicited telephone calls placed by Defendant attempting to reach an unknown individual.

11. On or around December 13, 2021, Plaintiff answered Defendant's incoming telephone call to informed Defendant that it was reaching the wrong individual and requested all calls cease.

12. Plaintiff *never* provided his cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.

13. Notwithstanding Plaintiff's requests that Defendant cease its unwelcomed telephone calls, Defendant continued its phone harassment campaign.

14. Plaintiff was perplexed why Defendant continued calling him because Defendant was attempting to collect a debt that did not belong to him ("alleged debt").

15. Plaintiff again requested that the calls cease during multiple telephone calls thereafter as he did not have an account with Defendant.

16. Plaintiff has received no less than 10 unconsented telephone call since requesting that calls cease.

17. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

18. Specifically, there would be an approximate 5 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

19. The phone number that Defendant most often uses to contact Plaintiff is (844) 241-2291, but upon information and belief, it may have used multiple other phone numbers to place phone calls to Plaintiff's cellular phone number without his consent.

### DAMAGES

20. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

21. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

22. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

23. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent.

27. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

28. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

29. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

30. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between December 2021 and the present day, using an ATDS without his prior consent.

31. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

32. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

33. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

34. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

35. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff **LYNNE R. JACKSON** respectfully prays this Honorable Court for the following relief:

    a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
    b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
    c. Enjoining Defendant from further contacting Plaintiff; and
    d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II-TRESPASS TO CHATTELS

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

37. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.*, 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

38. Courts have applied this tort theory to unwanted telephone calls and text messages. See *Czech v. Wall St. On Demand*, 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.*, 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

39. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

40. Defendant interfered with Plaintiff's ability to use his cellular phone while it was in his possession.

41. Defendant bombarded Plaintiff with numerous calls, leaving him unable to use or possess his phone in the manner in which he wanted to.

42. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff advised Defendant to stop calling him on at least one occasion.

43. Defendant caused damage to Plaintiff's phone, including, but not limited to, the wear and tear caused to his cellular telephone, the loss of battery charge, and the loss of battery life.

44. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with his possession of his cellular phone.

**WHEREFORE,** Plaintiff **LYNNE R. JACKSON** respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Enter judgment in his favor and against Defendant;

    b. Award Plaintiff his actual damages in an amount to be determined at trial;

    c. Award Plaintiff punitive damages in an amount to be determined at trial;

    d. Enjoining Defendant from contacting Plaintiff;

    e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: January 5, 2022                                          Respectfully Submitted,

                                                                                      **LYNNE R. JACKSON**
                                                                                       By: */s/ Nicholas M. Wajda*

                                                                                       Nicholas M. Wajda
                                                                                      **WAJDA LAW GROUP, APC**
                                                                                      3111 Camino Del Rio North
                                                                                      Suite 400
                                                                                      San Diego, California 92108
                                                                                      +1 310-997-0471
                                                                                      nick@wajdalawgroup.com